**Christine A. LOZOWSKI, Appellee**

v.

**Norman Y. MINETA, Secretary of Transportation, Appellant**

**No. 01–5010.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 10, 2002.

Decided June 14, 2002.

Rehearing Denied July 16, 2002.

Fred E. Haynes, Assistant U.S. Attorney, argued the cause for appellant. With him on the briefs were Roscoe C. Howard, Jr., U.S. Attorney, R. Craig Lawrence, Assistant U.S. Attorney, and Dale C. Andrews, Deputy Assistant General Counsel, U.S. Department of Transportation.

Eugene R. Fidell argued the cause and filed the brief for appellee.

Before: GINSBURG, Chief Judge, and RANDOLPH and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

An officer of the Coast Guard claims that the service treated her unjustly and discriminated against her based upon her gender when it assigned her to a ship in Key West, Florida. The Secretary of Transportation, to whom the officer applied for a correction of her military record, disagreed. The district court found

the decision of the Secretary to be arbitrary and capricious, and the Secretary appealed. Finding the Secretary's decision reasonable and supported by substantial evidence, we reverse the judgment of the district court.

## I. Background

In early 1995 Christine Lozowski, then a Chief Petty Officer stationed in Washington, D.C., applied and was selected to be promoted to Chief Warrant Officer (CWO). She was not immediately assigned to a CWO position, however. Instead she was placed on the warrant officer selection list, from which individuals were promoted sequentially as positions came open. In late summer 1995, the Coast Guard sought to fill two CWO vacancies that would arise in early 1996. The first vacancy was aboard the Seneca, a cutter based out of Boston. For this slot, the Coast Guard preferred a "Finance and Supply" CWO with a "storekeeper background." The second vacancy was in Ketchikan, Alaska. Lozowski, who had a storekeeper background, was second on the warrant officer selection list at the time the assignments were to be made. She preferred to be assigned to Coast Guard headquarters in D.C. or to Yorktown or Portsmouth, Virginia, whereas her least desired locations were Alaska and California. The first person on the selection list was Mark Cornejo, who was serving in Alaska (his most desired service area) and had a food service background. The situation can be summarized as follows:

| Available | CWO Openings |
|---|---|
| *Cornejo*: first on list, food service background, prefers Alaska; presently in Alaska. | *The Seneca*: starting Feb. 1, 1996, in Boston, storekeeper background preferred. |
| *Lozowski*: second on list, storekeeper background, prefers D.C. or VA, last choice Alaska or CA; presently in D.C. | *Ketchikan*: starting April 1, 1996, in Alaska. |

The assignment officer in charge of filling these openings was CWO Gray. At first Gray wanted to assign Lozowski to the Seneca and Cornejo to Ketchikan where he would for several months be "double-billeted," that is, would overlap with the officer he was replacing. The arrangement would keep Cornejo in Alaska, prevent Lozowski from having to go to Alaska — in accord with the wishes of each — and assign a CWO with a storekeeper background to the Seneca. Gray soon found out, however, that the Seneca did not have berthing space for a woman. Gray knew that CWO Rich, a male CWO with a storekeeper background assigned to the Thetis out of Key West, wanted to transfer to New England to be near his family and was willing to pay his own moving expenses. Gray called the Executive Officer of the Thetis and learned that the ship had berthing space for a woman. (There is also evidence that Gray thought the Thetis "needed" a woman officer.) The information relevant at this point can be summarized as follows:

| Available | CWO Openings |
|---|---|
| *Cornejo*: first on list, a man, food service background, prefers Alaska; presently in Alaska. | *The Seneca*: starting Feb. 1, 1996, in Boston, storekeeper background preferred, no berthing for a woman. |
| *Lozowski*: second on list, a woman, storekeeper background, prefers D.C. or | *Ketchikan*: starting April 1, 1996, in Alaska. |

VA, last choice Alaska or CA; presently in D.C.

| | |
|---|---|
| *Rich*: a man, storekeeper background, wants to be in New England; presently on the Thetis in Key West. | *The Thetis:* in Key West, berthing for a woman available. |

Facing this situation, Gray proposed that the Coast Guard assign Cornejo to Alaska, Rich to the Seneca, and Lozowski to the Thetis. The plan was approved by Gray's superiors and the parties were notified. Cornejo said he would accept the Alaska assignment but Lozowski asked to be assigned to somewhere in the D.C. area. She expressed concern that if she moved from D.C. she would be forced to sell her home at a loss. Gray said he could not give her an assignment in the D.C. area because it would require double-billeting. Lozowski then declined the assignment to the Thetis and therefore lost her chance at a promotion to CWO. Rich was notified that he would not be transferred to the Seneca and the Seneca position was filled by CWO Smith, who was the next in line behind Lozowski and had a background in food service.

In 1997 Lozowski applied to the Department of Transportation Board for Correction of Military Records for a retroactive promotion pursuant to 10 U.S.C. § 1552(a)(1). That statute authorizes the Secretary of Transportation, "acting through boards of civilians," to "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." Pursuant to 33 C.F.R. § 52.64(b), the decision of the Board serves as the decision of the Secretary only if the Board is unanimous. If the Board is divided, then the Secretary or his delegate has the final word.

Lozowski claimed that the Coast Guard both assigned her "out of sequence" and disregarded Article 4.A.7.a.3 of the Coast Guard Personnel Manual, which provides that "women will not arbitrarily be denied an assignment solely because of lack of a second woman." The latter claim was based upon Lozowski's belief that she was assigned to the Thetis because the Coast Guard planned to assign a female ensign to that ship and wanted to avoid having only one woman on board. The Board unanimously denied Lozowski's application. *Application for Correction of Coast Guard Record of: Christine A. Lozowski,* B.C.M.R. Doc. No. 114–97 at 7 (April 9, 1998) (*First Bd. Dec.*).

Lozowski then petitioned for review in the district court, which remanded the matter to the Board on the grounds that it had erred procedurally and had failed to address two arguments the court thought Lozowski had raised. *Lozowski v. Slater,* No. 98–0922 at 8–13 (D.D.C.1999) (*Lozowski I*). On remand two members of the Board would have upheld Lozowski's claim; they concluded that although the Coast Guard had not discriminated against her on the basis of her gender, it had been "unfair" in treating Cornejo and Rich more favorably than it had treated her. *Application for Correction of Coast Guard Record of: Christine A. Lozowski,* B.C.M.R. Doc. No.2000–008 at 22 (Nov. 18, 1999) (*Second Bd. Dec.*). Because the Board's decision was not unanimous, however, the matter was forwarded to the Secretary for "approval, disapproval, or return for further consideration." 33 C.F.R. § 52.64(b). The Secretary's delegate, the Deputy General Counsel (DGC) of the Coast Guard, ruled against Lozowski.

The DGC concluded that the Coast Guard committed no error or injustice in assigning Lozowski to the Thetis, *Application for Correction of Coast Guard Record of: Christine A. Lozowski,* Dec. of the

Dep. Gen. Counsel, B.C.M.R. Doc. No.2000–008 at 10 (Dec. 6, 1999) (*DGC Dec.*); Lozowski could not have been assigned to the Seneca because there was no berthing space for a woman on board, *id.* at 7. Further, she held, it was permissible under the applicable regulations to assign Cornejo to Alaska even though the Seneca was first on the list of openings, and to fill the opening on the Seneca with CWO Rich from the Thetis. *Id.* at 5. Finally, the DGC determined that there had been no gender discrimination and that

> the basis for any difference in treatment was not gender, but the fact that the perceived preferences expressed by the two male officers generally paralleled Coast Guard needs, while the preferences [Lozowski] expressed did not. . . .

*Id.* at 9. The DGC did acknowledge, however, that the assignment officer, Gray, "has not denied stating that the applicant was receiving orders to the Thetis because she was a female and the Thetis needed a female." *Id.*

After the DGC's decision, upon renewed cross-motions the district court granted summary judgment for Lozowski and, instead of remanding the matter to the Secretary, purported to appoint her a CWO retroactive to January 1, 1996. *Lozowski v. Slater*, No. 98–0922 at 13 (D.D.C.2000) (*Lozowski II*). The court held that the DGC's decision was arbitrary and capricious because it failed adequately to address two non-frivolous arguments the majority of the Board had accepted: that (1) the Coast Guard had not shown the relevant assignments best satisfied the needs of the service; and (2) the Coast Guard committed an injustice because it was willing to double-billet Cornejo in Alaska but unwilling to double-billet Lozowski in D.C. *Id.* at 9–12. The Secretary of Transportation now appeals.

## II. Analysis

■■■ Because the district court entered a summary judgment, we review its decision de novo and therefore, in effect, review directly the decision of the Secretary. *See Frizelle v. Slater*, 111 F.3d 172, 176 (D.C.Cir.1997). Under the APA we must uphold the Secretary's decision unless it is "arbitrary, capricious, an abuse of discretion, [ ] otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706. This test requires that the Secretary's decision contain a "rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n. v. State Farm*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

### A. The Decision of the District Court

Although we review the decision of the Secretary directly, as though the district court had not weighed in, a due regard for the opinion of that court leads us to point out where and why we disagree with its analysis. According to the district court the DGC failed to explain why: (1) the needs of the Coast Guard were best satisfied by the assignment of Lozowski to the Thetis, Cornejo to Alaska, and Rich to the Seneca; and (2) the Coast Guard was willing to double-billet Cornejo in Alaska but unwilling to double-billet Lozowski in D.C. *Lozowski II*, No. 98–0922 at 9–12. Lozowski feints in the direction of defending the opinion of the district court but devotes most of her efforts to developing alternative grounds upon which to uphold that court's judgment in her favor. We begin with the arguments embraced by the district court.

#### 1. Service needs

The district court held that the DGC did not adequately explain "why the Coast Guard's service needs were best satisfied"

by the various assignments contemporaneous with and including that of Lozowski. *Id.* at 9. Specifically, the district court thought the Coast Guard had failed to explain why Cornejo, who was first on the promotion list, was not assigned to the Seneca, and had failed to show that Rich, who was assigned to the Seneca, was "the best person for the job." *Id.* at 10. The Secretary maintains that the DGC adequately explained why the needs of the Coast Guard were furthered by sending Rich to the Seneca and Cornejo to Alaska and that she did not need to show that Rich was the best person for the job on the Seneca. We agree.

■■■ The Secretary is authorized to correct errors and injustices, *see* 10 U.S.C. § 1552, not to ensure that every assignment best serves the needs of the Coast Guard. Thus, the relevant question is whether the DGC reasonably concluded that the assignment of Lozowski was neither erroneous nor unjust. Indeed, Lozowski agrees with the Secretary that the DGC had no obligation to show that Rich "was literally the best person for the job" on the Seneca but rather needed to show only that the assignments "serve[d] the needs of the service." The DGC clearly met this lower standard. Consider: There was an opening in Alaska, Cornejo wanted it, Lozowski did not, and Cornejo was already in Alaska so moving him would be inexpensive. *See DGC Dec.* at 6. The Seneca needed a CWO but could not accommodate a woman. *See id.* at 6–7. Rich agreed to transfer to the Seneca at no cost to the Coast Guard, thereby opening up his slot on the Thetis. *See id.* at 6. In these circumstances, the decision to assign Lozowski to the Thetis seems perfectly reasonable as a way of meeting the needs of the service.

### 2. Double-billeting

■■■ The district court also questioned the DGC's explanation why the Coast Guard was willing to double-billet Cornejo but not Lozowski. *Lozowski II*, No. 98–0922 at 10–12. The DGC explained that there was no "downside" to double-billeting Cornejo in Alaska while there were two "downsides" to double-billeting Lozowski in D.C.: (1) the Coast Guard would be allowing Lozowski to avoid an assignment due to a depressed housing market; and (2) the Coast Guard would have to fill the position on the Seneca with CWO Smith, the next person on the list, who unlike Lozowski and Rich, did not have the desired storekeeper background. *DGC Dec.* at 9.

We think the DGC's explanation, though cursory, is adequate. The district court appears to have accepted that Lozowski's desire to avoid a loss on the sale of her home was an "invalid" reason to double-billet her in D.C. *Lozowski II*, No. 98–0922 at 11. We agree; the Coast Guard could reasonably conclude that accepting this reason would open itself to numerous similar requests whenever and wherever the housing market is depressed, making it difficult to fill many assignments.

The district court explained its disagreement with the DGC as follows: "It makes little sense to deem that a prior preference [namely, Lozowski's preference to stay in D.C. for unstated reasons] cannot be accommodated because a new, invalid, reason for sustaining the preference [Lozowski's desire to avoid selling her home at a loss] arose subsequently." *Id.* The DGC, however, did not say that Lozowski's subsequent preference in any way diminished the validity of her prior preference. Instead, the DGC held that the decision to assign Lozowski to the Thetis in spite of her preference for staying in D.C. (at that time for no stated reason) was reasonable,

*see DGC Dec.* at 8, and that Lozowski's subsequent reason for wanting to remain in D.C. — to avoid losing money upon the sale of her home — did nothing to alter that balance, *see id.* at 9.

In any event, it is apparent to us that the decision to double-billet Cornejo but not Lozowski was a reasonable one. Assigning Cornejo to Alaska meant Lozowski did not have to be transferred there, her least preferred location. The DGC in her decision noted Lozowski's desire not to go to Alaska, *id.* at 7, and Gray had said that this was one reason he thought Lozowski was well-suited for the Seneca. Thus, double-billeting Cornejo enabled the Coast Guard to accommodate both his preference and Lozowski's, while doublebilleting Lozowski would have accommodated only her preference.

Similarly, the Coast Guard's desire to assign Lozowski to either the Seneca or the Thetis because she had a storekeeper background was a reasonable ground for not double-billeting her in D.C. The district court's reasoning — that the subsequent assignment to the Seneca of Smith, who had a food service background, shows that Lozowski's storekeeper background played no role in Gray's initial decision to assign Cornejo to Alaska and Lozowski to the Seneca — is not persuasive. *See Lozowski II,* No. 98–0922 at 12. Because a CWO's background is merely one factor in an assignment decision, the assignment of a CWO with one kind of background does not mean that a different kind of background was not preferred. Consequently, we conclude that both the DGC's explanations for not double-billeting Lozowski in D.C. were reasonable.

## B.  Lozowski's Alternative Grounds

Lozowski contends principally that the judgment of the district court can be upheld on the alternative ground that the DGC arbitrarily and capriciously ignored the Coast Guard's having violated two of its own regulations in assigning her to the Thetis. Lozowski also presents a hodgepodge of other grievances, none of which has any merit.

### 1.  Consideration of gender

Lozowski argues that in making the relevant assignments the Coast Guard violated Article 1–B–3 of the Military Civil Rights Manual (MCRM), which prohibits "discrimination on the basis of ... sex." She contends that Gray assigned her to the Thetis because the Commanding Officer (CO) of the Thetis wanted a female CWO and because Gray felt he had to assign one. Lozowski implies that the Coast Guard wanted her to serve as a "role model, mentor or leader" for women on the Thetis.

In response, the Secretary correctly notes that Lozowski failed to raise before the Board the argument that she was assigned to the Thetis because that ship's CO wanted a woman assigned. Indeed, in her brief to the Board Lozowski never even mentioned the provision of the MCRM upon which she now relies. Rather, Lozowski argued principally that her assignment "disregarded the normal process of working down the [CWO] promotion list." The closest she came to her present argument was to claim that the Coast Guard disregarded Article 4.A.7.a.3 of its Personnel Manual, which says "women will not be arbitrarily denied an assignment solely because of lack of a second woman." Specifically, Lozowski argued that the Coast Guard had violated this provision by assigning her to the Thetis in order to "provide a companion for the new proposed female ensign," an argument Lozowski has since abandoned.

Absent exceptional circumstances, Lozowski cannot rely in court upon an argument not made to the Board.

848

See *Flynn v. Commissioner of Internal Revenue Service*, 269 F.3d 1064, 1068–69 (D.C.Cir.2001), in which this court instanced the following types of exceptional circumstances: "cases involving uncertainty in the law; novel, important, and recurring questions of federal law; intervening change in the law; and extraordinary situations with the potential for miscarriages of justice." *Id.* at 1069. Because Lozowski's claim does not fall within any of these categories and she does not offer any other compelling reason for doing so, we decline to consider the argument she failed to present to the Board. In any event, it is difficult to see how the DGC could have acted arbitrarily or capriciously in failing to address an argument never presented to her.

■ Lozowski also claims on appeal that the Coast Guard's "disparate treatment" of Rich and Cornejo on the one hand and of herself on the other violated the anti-discrimination provision of the MCRM. Again, however, Lozowski never raised the MCRM before the Board. Furthermore, this claim was rejected by the DGC because there was no evidence that any favoritism shown Rich and Cornejo was motivated by their gender. *See DGC Dec.* at 9. On appeal Lozowski points us to no such evidence that was overlooked by the DGC. Consequently, we cannot affirm the judgment of the district court on the ground that the assignment decision was contrary to Article 1–B–3 of the MCRM.

2. Deviation from sequential appointment

■ Lozowski argues that by failing to assign Cornejo to the Seneca the Coast Guard violated Article 1–D–9.a of its Personnel Manual, which states: "Candidates recommended for appointment are listed by the selection board in order of their final scores on eligibility lists. The eligibility lists establish the precedence of candidates in each specialty." In response, the Secretary argues that the regulation requires only that candidates be promoted in rank order, not that each be "appointed to the specific vacancy that opened the door for his or her promotion," which would not necessarily serve the needs of the service. Thus the Coast Guard could assign Cornejo to Alaska rather than to the Seneca as long as it did not promote him out of order, that is, after Lozowski.

We conclude the DGC reasonably determined that the Coast Guard did not violate any regulation by assigning Cornejo to Alaska and not to the Seneca. *See DGC Dec.* at 5. Article 1–D–9.a of the Personnel Manual and the Declarations of CWOs Prohaska and Gray all support the Secretary's position that the Coast Guard could permissibly assign Cornejo to Alaska as long as he was not promoted after Lozowski, and the declarations support the Secretary's assertion that in fact Cornejo was not promoted after Lozowski.

3. Other grievances

Lozowski presents a list of miscellaneous grievances, none of which has merit. First, she argues that it was unfair to assign her to the Thetis on the ground that she had not previously had sea duty. There is no evidence, however, that this is why the Coast Guard assigned her to the Thetis. Nowhere did Gray give that as a reason and the DGC merely observed that it was not unreasonable to assign her to the Thetis because, among other things, she had not previously had sea duty. *See DGC Dec.* at 8.

Second, Lozowski argues that her storekeeper background and Cornejo's food service background were used as a pretext for not assigning Cornejo to the Seneca. For evidence of this she points to the eventual assignment to the Seneca of CWO Smith (who had a food service background). As

the Secretary explains, however, having a storekeeper background was a preference for assignment to the Seneca, not a requirement.

Third, Lozowski argues that it was unfair for the DGC to fault her for not seeking special consideration in light of her desire to be near her disabled mother in Boston when Rich, the CWO on the Thetis, was not required to apply for special consideration in order to express his preference for transferring to New England to be near his family. As the Secretary points out, Rich, unlike Lozowski, made his preferences known to Gray before, not after, the assignment decision was made.

Fourth, Lozowski argues that she should have been assigned to a CWO position at the Telecommunication and Information Systems Command where she was already working. The Secretary contends that this position opened up and was filled several months before Lozowski was eligible for promotion. That the opening in D.C. came available and was filled before Lozowski was eligible for promotion finds support in Declarations of CWOs Lineberry and Doster.

Fifth, Lozowski complains that her assignment to the Thetis was irregular in that the vacancy on the Thetis existed only because Rich was going to be transferred to the Seneca. Lozowski fails to point to any legal error or injustice in this arrangement, however; the DGC's conclusion that new vacancies need not be filled with new CWOs from the promotion list, *DGC Dec.* at 5, finds support in the Declarations of CWOs Prohaska and Gray.

Finally, Lozowski argues that events subsequent to her declining the assignment — Rich stayed on the Thetis, no female CWO or ensign was assigned to the Thetis, and a CWO with food service background was sent to the Seneca — show that her and the related assignments did

not further the needs of the service. On the contrary, that Rich did not go to the Seneca tends to show that the arrangement was not designed to do him a favor; that no woman was assigned to the Thetis casts doubt upon the idea that the CO of the Thetis demanded a woman; that the ensign was not assigned to the Thetis suggests, if anything, that the ensign was to be Lozowski's companion, not vice versa; and that Smith was assigned to the Seneca, as already discussed, signifies nothing.

### III. Conclusion

The DGC's decision that the Coast Guard's assignment of Lozowski to the Thetis was neither erroneous nor unjust withstands the deferential review we must give it. The judgment of the district court is, therefore,

*Reversed.*